DATE: August 13, 2008

UNITED STATES DISTRICT COURT FILED
NORTHERN DISTRICT OF CALIFORNIA

08 AUG 20 PM 12:53

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | Case No. CR 04-0198 JSW |
| Andrew P. Rubiano #94229-011 | § | Jeffrey S. White |
| | § | |
| Defendant, | § | |
| | § | |

## MOTION FOR NUNC PRO TUNC ORDER TO MODIFY THE
## JUDGEMENT AND COMMITMENT ENTERED ON May, 2005

**COMES NOW,** THE DEFENDANT Andrew P. Rubiano, Pro se, herein and herby respectfully moves this Honorable Court for an 'ORDER' of **NUNC PRO TUNC** to Modify the Judgement and Commitment Pursuant to I am not a residence of San Francisco in California. I am asking this Honorable Court to 'ORDER' that I be able to serve my halfway house(CCC)time in Baltimore, Maryland were I was born and raised. I do not have any personal resources or community resources to depend on once I am released from prison. I also donot have any family in the state of California. It would be a big help for the Honorable Court to 'ORDER' me back to Baltimore, Maryland, so I can have an excellent transitional environment for me the Defendant to find lawful employment andprovide excelent opportunities to save money and improve the Defendant chances of never returning to prison. Wherefore, the Defendant respectfully prays that this Honorable Court will issue an 'ORDER' that the Defendant be Granted to have his (CCC) halfway house time transfered to Baltimore, Maryland, and any other relief the court deems just and proper.

Respetfully Submitted,

Andrew P. Rubiano, Pro se
#94229-011

Andrew Rubiano # 94229-011
P.O. Box 7007-Unit Navajo-B
Marianna, Florida 34227-7007

The Honorable Jeffrey S. White
United States District Judge
450 Golden Gate Ave.
San Francisco, Ca. 94102

Honorable Jeffrey S. White,

  I am writing to you concerning my release from the above federal prison to a half-way house. I was born and raised in Baltimore, Maryland where my family and friends reside. The people in charge here at the prison have informed me that I must stay in a half-way house in California where I have absolutely no family or acquaintances.

  I am asking from you, or whoever has the authority, to give me the priviledge of keeping me in Maryland to do the half-way house. I have been incarcerated for four years and have only good behavior to show for it. I realize my mistakes that put me here and hope only to finish my life as a changed, responsible person, and comply with all that is given to me.

Sincerely yours,
Andrew Rubiano

Reference:
District Court case # CR 04-0198 JSW
Date of arrest -- April 08, 2004

UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>  Plaintiff, §<br> §<br>VS. §<br> §<br>Andrew P. Rubiano §<br>#94229-011 §<br> §<br>  Defendant, § | Case No. CR 04-0198 JSW<br>Jeffrey S. White |

**MOTION FOR NUNC PRO TUNC ORDER TO MODIFY THE**

**JUDGEMENT AND COMMITMENT ENTERED ON May,2005**

**COMES NOW,**The DEFENDANT Andrew P. Rubiano,Pro se,herein and herby respectfully moves this Honorable Court for an Order of **NUNC PRO-TNUC** to Modify the Judgement and Commitment Pursuant to the New Provision of Title 18,U.S.C §3624.

Defendant submits that the Order is required to assure that He is authorized for the Full(12)months halfway house placement which is now available pursuant to the **Second Chance Act of 2007.** Defendant respectfully moves this Honorable Court for the order so that the Bureau Of Prisons will allow the defendant the Maximum Twelve(12)months.

Defendant submits that the Second Chance Act Of 2007,Title 18. U.S.C §3624 clarifies the authority to place prisoner in Community Corrections.**(SEE EXHIBIT 1 ATTACHED)** Defendant submits that he has no personal resources or community resources to depend on once released from prison.The twelve(12) months halfwat house will provide an excellent transitional environment

for the Defendant to participate in community-based transitional services which have been proven to reduce the likihood of returning to prison.The Defendant submits that he has been a role model inmate and has completed various educational and psychology programs.The Defendant has no assistance waiting for him upon release from prison.The Defendants mother,whom resides in Baltimore,Maryland is elderly and unable to assist the Defendant with housing or finances,and is also on disability.The Defendant will have served (4years 10 months)upon release.The Defendant is respectfully requesting that this Court'ORDER' that the last (12) months of the term of imprisonment be served at a CCC (halfway - house).This willassure the time in which to adjust to the community and find lawful employment and provide excelent opportunities to save money and improve the Defendants chances of never returning to prison.

Wherefore,the Defendant respectfully prays that this Honorable Court will issue an'ORDER'that the Defendant be given the full twelve(12) months halfway house placement and that the last(12) months of the Defendant term of imprisonment be in a CCC near the Defendants release address of record,and any other relief the court deems just and proper.

Respectfully Submitted,

Andrew P.Rubiano,Pro Se
#94229-011



18 U.S.C.A. § 3624      Page 1

**Effective: April 9, 2008**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    Part II. Criminal Procedure
      Chapter 229. Postsentence Administration (Refs & Annos)
        Subchapter C. Imprisonment
          → § 3624. Release of a prisoner

**(a) Date of release.**--A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding weekday.

**(b) Credit toward service of sentence for satisfactory behavior.**--

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year [FN1] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

(3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.

(4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

**(c) Prerelease custody.**--

**(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months),

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

**(3) Assistance.**--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.

**(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

**(5) Reporting.**--Not later than 1 year after the date of the enactment of the Second Chance Act of 2007 (and every year thereafter), the Director of the Bureau of Prisons shall transmit to the Committee on the Judiciary of the Senate and the Committee on the Judiciary of the House of Representatives a report describing the Bureau's utilization of community corrections facilities. Each report under this paragraph shall set forth the number and percentage of Federal prisoners placed in community corrections facilities during the preceding year, the average length of such placements, trends in such utilization, the reasons some prisoners are not placed in community corrections facilities, and any other information that may be useful to the committees in determining if the Bureau is utilizing community corrections facilities in an effective manner.

**(6) Issuance of regulations.**--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

   **(A)** conducted in a manner consistent with section 3621(b) of this title;

   **(B)** determined on an individual basis; and

   **(C)** of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

**(d) Allotment of clothing, funds, and transportation.**--Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with--

   **(1)** suitable clothing;

   **(2)** an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and

   **(3)** transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director.

**(e) Supervision after release.**--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## Certificate of Service

I hereby certify that on this 15 day of August, 2008, a copy of the foregong was mailed, Via First-Class, prepaid mail, To:

Clerk of District Court:

Richard W. Wieking

Burton U.S. Courthouse

450 Golden Gate Avenue 16th FL.

San Francisco CA. 94102-3489

Andrew P. Rubiano, Pro se
Prisoner #94229-011
Federal Correctional Inst.
P.O. Box 7007
Marianna, FL. 32447-7007