# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANDREW RUBIANO | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>USDC Case Number: CR-04-00198-001 JSW<br>BOP Case Number: DCAN304CR000198-001<br>USM Number:<br>Defendant's Attorney: LOREN STEWART |

**THE DEFENDANT:**

[x]  admitted guilt to violation of condition(s) 3, 4, AND 5 of the term of supervision.
[ ]  was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: unknown | December 10, 2009<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: unknown | |
| Defendant's USM No.: unknown | *Jeffrey S White* (signature)<br>Signature of Judicial Officer |
| <u>Defendant's Residence Address:</u> US Marshal Service | |
| <u>Defendant's Mailing Address:</u> US Marshal Service | Honorable Jeffrey S. White, U. S. District Judge<br>Name & Title of Judicial Officer |
| | December 14, 2009<br>Date |

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocation

DEFENDANT:  
CASE NUMBER:     CR-04-00198-001 JSW

Judgment - Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 3 | Violated newly added condition that defendant reside at the Residential Reentry Center as directed by Probation Officer and shall abide by the rules of the facility. | September 2, 2009 |
| 4 | Violated special condition number 2: that the defendant shall not possess or use a computer which is connected to, or has means to be connected to a network without the prior approval of the Probation Officer.  This includes any internet service provider, bulletin board system, or any other public or private computer network. | September 2, 2009 |
| 5 | Violated newly added special condition that defendant reside at the Residential Reentry Center as directed by Probation Officer and shall abide by the rules of the facility. | September 2, 2009 |

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

DEFENDANT: ANDREW RUBIANO  
CASE NUMBER: CR-04-00198-001 JSW  
Judgment - Page 3 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months.

[ ]  The Court makes the following recommendations to the Bureau of Prisons:

[**x**]  The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]  The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.  
    [ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2:00 pm on ___.  
    [ ] as notified by the United States Marshal.  
    [ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

 

 

 

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____  
Deputy United States Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | ANDREW RUBIANO | Judgment - Page 4 of 6 |
| CASE NUMBER: | CR-04-00198-001 JSW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 24 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
[ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)
[ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ORIGINAL TERMS AND CONDITIONS OF SUPERVISION
### Imposed on May 26, 2005 and reinstated December 10, 2009:

1) The defendant shall abstain from the use of all alcoholic beverages.

2) The defendant shall not possess or use a computer which is connected to or has means to be connected to a network without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

3) Should the defendant be granted permission to use or own a computer during his term of supervised release, the defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examination of his computer and any internal or external peripherals, to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and/or consent to having installed on his computer any hardware or software programs to monitor his computer use.

4) The defendant shall not possess or use any media materials relating to the instant offense. This includes any books, magazines, Internet downloads or any other material in relation to child pornography.

5) The defendant shall participate in a program of testing and treatment for (drug)(alcohol) abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

6) The defendant shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release

7) The defendant shall register with the state sex offender agency in any state where he resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

8) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9) The defendant shall participate in a sex offender treatment program, as directed by the probation officer. Said treatment may involve risk assessment including physiological testing, which may include but is not limited to, ABEL screen and plethysmograph. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer, but which will never exceed the total cost of counseling.

10) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

11) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | ANDREW RUBIANO | Judgment - Page 6 of 6 |
| CASE NUMBER: | CR-04-00198-001 JSW | |

12) The defendant shall not have contact with anyone under the age of 18 without prior approval of the probation officer, and shall immediately report to the probation officer any unauthorized contact with children.

## ADDITIONAL TERMS AND CONDITIONS OF SUPERVISION
## Imposed on December 10, 2009:

1) The defendant shall reside in a residential re-entry center for a period of up to 120 days, at the discretion of the probation officer followed by:

2) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of 90 days. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the probation officer that s/he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his/her residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the probation officer.